**Indiana RETANA, Plaintiff—Appellant,**

v.

**TRANSAMERICA INSURANCE AND INVESTMENT GROUP, e/s/a Transamerica Occidental Life Insurance Company, Defendant,**

and

**Transamerica Occidental Life Insurance Company, Defendant—Appellee.**

**No. 05–56598.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2007 *.

Filed May 15, 2007.

John W. Sullivan, Esq., North Hollywood, CA, for Defendant.

Catherine Ruddy, Esq., Bruce A. Beckman, Esq., Beckman, Davis, Smith & Ruddy, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Indiana Retana ("Retana") appeals the district court's grant of summary judgment in favor of Transamerica Occidental Insurance Company ("Transamerica"). We review the district court's decision to grant summary judgment de novo. *Qwest Comm'ns Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). The facts are known to the parties, and we repeat them here only as necessary.

Retana argues that summary judgment for Transamerica was improper because two provisions of the insurance policy are inconsistent and ambiguous and should have been construed against the insurer: the incontestability provision and the reinstatement provision. The incontestability provision of the insurance policy closely tracks the California statute requiring insurance policies to contain an incontestability clause; that statute states that "[a]n individual life insurance policy delivered or issued for delivery in this state shall contain a provision that it is incontestable after it has been in force, during the lifetime of the insured, for a period of not more than two years after its date of issue, except for nonpayment of premiums...." CAL. INS. CODE § 10113.5(a).

The reinstatement provision provides that a policy that has lapsed due to failure to pay premiums may be reinstated if certain conditions are met, including payment of overdue premiums, submission of a written request for reinstatement within five years of the lapse, and the insured's continued insurability under Transamerica's standards. Under California law, reinstatement does not give rise to a new contract but is a contractual right created by the initial policy issued to the insured.

*See Kennedy v. Occidental Life Ins. Co.,* 18 Cal.2d 627, 630–31, 117 P.2d 3 (1941). In other words, pending reinstatement, the policy is suspended, not terminated. *Id.*

These provisions are neither ambiguous nor inconsistent. In fact, section 10113.5(a), which mandates the policy's incontestability provision, also implies that the insurer can condition reinstatement on factors beyond the mere payment of overdue premium: "An individual life insurance policy, upon reinstatement, *may be contested on account of fraud or misrepresentation of facts material to the reinstatement* only for the same period following reinstatement, and with the same conditions and exceptions, as the policy provides with respect to contestability after original issuance." CAL. INS. CODE § 10113.5(a) (emphasis added).

Given the compatibility of these two provisions of the policy, the district court did not err when it held that Transamerica did not breach the contract: Because the Insured had not satisfied the conditions for reinstatement, the policy was no longer in force. Transamerica was entitled to require both actual payment of the premiums due *and* evidence that the Insured was currently insurable under its standards. Because the Insured did not satisfy the conditions for reinstatement, the policy was not in effect when the Insured died. Moreover, because Transamerica did not breach the insurance contract, Retana's claim for breach of the covenant of good faith and fair dealing also fails.[1]

The judgment of the district court is AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Retana's previously dismissed claims for intentional interference with contract and negligence are not within the scope of this appeal.